IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:24 CR 109 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **BRANDON RAMONE STEWART,** | |
| Defendant. | MEMORANDUM OPINION AND ORDER |

## INTRODUCTION

In April 2024, Defendant Brandon Ramone Stewart was indicted on a charge of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Doc. 1). This charge is based on Stewart's alleged possession of a firearm in November 2023, despite a September 2018 felony conviction for aggravated arson. *See id.* Stewart moves the Court to dismiss the indictment. (Doc. 18). The Government opposes. (Doc. 19). Stewart filed a motion for extension of time to file an Amended Motion to Dismiss in light of the Sixth Circuit's recent ruling in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024). (Doc. 20). The Court granted Stewart's motion, but the deadline for such an amended motion has passed without any filing or request for extension from Stewart.

For the reasons set forth below, Stewart's motion to dismiss the indictment is denied.

## DISCUSSION

Stewart moves to dismiss the indictment, arguing § 922(g)(1) is unconstitutional on its face and as applied to him in light of the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). (Doc. 18). The Government's response is three-

fold. It contends (1) Sixth Circuit precedent requires a finding that § 922(g) is constitutional, (2) the Court can deny Stewart's motion on the merits applying *Bruen*'s analytical framework because the Second Amendment permits disarmament of non-law-abiding citizens, and (3) Section 922(g)(1) is constitutional as applied to Stewart due to his dangerous criminal history. (Doc. 19).

Since the filing of Stewart's motion to dismiss, the Sixth Circuit issued a decision that forecloses his facial challenge to § 922(g)(1), and applying its framework to Stewart, the Court finds also eliminates his as applied challenge. *See Williams*, 113 F.4th at 662-63 (holding "§ 922(g)(1) is constitutional on its face and as applied to dangerous people"). As Stewart does here, the defendant in *Williams* raised both a "facial" and an "as applied" challenge to the constitutionality of § 922(g)(1). *Id.* at 643.

Facial Challenge

In addressing the facial challenge, *Williams* applied *Bruen*'s analytical framework and found that the "Second Amendment's plain text presumptively protects Williams's conduct." *Id.* at 649 (finding Williams, a convicted felon, was "a member of the people claiming 'the right' to possess a gun—to 'keep and bear arms.'" (quoting *District of Columbia v. Heller*, 554 U.S. 570, 582 (2008)). The court then engaged in extensive exploration and discussion of the history of gun regulation before concluding that "our nation's history and tradition demonstrate that Congress may disarm individuals they believe are dangerous. Section 922(g)(1) is an attempt to do just that. Because . . . most applications of § 922(g)(1) are constitutional, the provision is not susceptible to a facial challenge." *Id.* at 657. *Williams*, therefore, forecloses Stewart's facial challenge to § 922(g)(1).

<u>"As Applied" Challenge</u>

Next, in *Williams*, the Sixth Circuit found the defendant's "as applied" challenge to § 922(g)(1) failed because his "criminal record shows that he's dangerous[.]" *Id.* at 662. The court observed Williams had been convicted of two felony counts of aggravated robbery, which it noted was a crime "[a]ccomplished with a deadly weapon." *Id.* "That offense alone[,]" the court found, was "sufficient to conclude that Williams, if armed, presents a danger to others or the public." *Id.* But Williams had also been convicted of attempted murder and had a prior conviction of being a felon-in-possession. *Id.* Such a showing, the court held, was more than sufficient to demonstrate that "Williams may be constitutionally disarmed through a class-based statute like § 922(g)(1)." *Id.*

> The court in *Williams* concluded:
>
> A person convicted of a crime is "dangerous," and can thus be disarmed, if he has committed (1) a crime "against the body of another human being," including (but not limited to) murder, rape, assault, and robbery, or (2) a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary. An individual in either of those categories will have a very difficult time, to say the least, of showing he is not dangerous.

*Id.* at 663.[1] The court further instructed that district courts "need not find a 'categorical' match to a specific common-law crime to show that a person is dangerous" but should instead "make fact-specific dangerousness determinations after taking account of the unique circumstances of the individual, including details of his specific conviction." *Id.* In so doing, courts "may evaluate a defendant's entire criminal record—not just the specific felony underlying his section 922(g)(1) prosecution." *Id.* "[T]he burden rests on [the defendant] to show he's not dangerous." *Id.* at 662.

---

1. The court in *Williams* observed that "[a] more difficult category involves crimes that pose no threat of physical danger, like mail fraud, tax fraud, or making false statements." 113 F.4th at 663. It noted, however, that "such a case [was] not before" the court. *Id*. This category is also not before this Court in the instant case.

3

Here, Stewart has prior convictions for aggravated arson and felonious assault. *See State v. Stewart*, No. G-4801-CR-0201702487 (Lucas Cnty. Ct. Com. Pl.) (no contest plea to aggravated arson, Ohio Rev. Code § 2909.02(A)(2), (B)(1), and (B)(3)); *State v. Stewart*, No. G-4801-CR-0201702445 (Lucas Cnty. Ct. Com. Pl.) (no contest plea to felonious assault, Ohio Rev. Code 2903.11(A)(2) and (D)). The Government proffers Stewart's conviction for felonious assault involved brandishing and firing a gun in a residential neighborhood where children were present. (Doc. 19, at 2). And Ohio Revised Code § 2903.11(A)(2) provides that "[n]o person shall knowingly . . . [c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." The Court finds Stewart's prior convictions, without question, are "sufficient to conclude that [Stewart], if armed, presents a danger to others or the public." *Williams*, 113 F.4th at 662.. And, indeed, Stewart has not filed an amended motion or reply to satisfy his burden to show otherwise. The Court therefore rejects Stewart's "as applied" challenge to § 922(g).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Stewart's Motion to Dismiss the Indictment (Doc. 18) be, and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 11, 2024