-IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA,**　　　　CASE NO. 3:24 CR 109

　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　JUDGE JAMES R. KNEPP II

**BRANDON RAMONE STEWART,**

　　Defendant.　　　　　　　　　　　　**MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

In April 2024, Defendant Brandon Ramone Stewart was indicted on a charge of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Doc. 1). This charge is based on Stewart's alleged possession of a firearm in November 2023, despite a September 2018 felony conviction for aggravated arson. *See id.* Stewart moves the Court to dismiss the indictment. (Doc. 22). The Government opposes. (Doc. 23). Stewart has not filed a reply and the time in which to do so has expired.

For the reasons set forth below, Stewart's motion to dismiss the indictment is denied.

### DISCUSSION

Stewart moves to dismiss the indictment, arguing § 922(g)(1) is unconstitutional as applied to him in light of the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), and as modified by the Sixth Circuit's decision in

*United States v. Williams*, 113 F.4th 637 (6th Cir. 2024). (Doc. 22).[1] The Government responds that § 922(g)(1) is constitutional as applied to Stewart.

In *Williams*, the Sixth Circuit found § 922(g)(1) was "constitutional on its face and as applied to dangerous people." 113 F.4th at 662-63. It further determined that individuals may raise as-applied challenges to the statute: "legislatures may disarm groups of people, like felons, whom the legislature believes to be dangerous—so long as each member of that disarmed group has an opportunity to make an individualized showing that he himself is not actually dangerous." *Id.* at 663. In *Williams*, the Court found the defendant's "as applied" challenge to § 922(g)(1) failed because his "criminal record show[ed] that [he was] dangerous[.]" *Id.* at 662. The court observed Williams had been convicted of two felony counts of aggravated robbery, which was a crime "[a]ccomplished with a deadly weapon." *Id.* "That offense alone[,]" the court found, was "sufficient to conclude that Williams, if armed, present[ed] a danger to others or the public." *Id.* But Williams had also been convicted of both attempted murder and being a felon-in-possession. *Id.* Such a showing, the court held, was more than sufficient to demonstrate that "Williams may be constitutionally disarmed through a class-based statute like § 922(g)(1)." *Id.* The court in *Williams* explained:

> A person convicted of a crime is "dangerous," and can thus be disarmed, if he has committed (1) a crime "against the body of another human being," including (but not limited to) murder, rape, assault, and robbery, or (2) a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary. An individual in either of those categories will have a very difficult time, to say the least, of showing he is not dangerous.

---

1. The motion is a Renewed Motion to Dismiss the indictment. (Doc. 22). Stewart previously filed a motion to dismiss on the same basis and the Government opposed. *See* Docs. 18, 19. In light of the recently-decided authority from the Sixth Circuit, Stewart asked for an extension of time to file an amended motion to dismiss, but such a motion was never filed. The Court denied Stewart's original motion. (Doc. 21). Stewart represents that this was "[d]ue to an inadvertent error" and therefore files this renewed motion to assert an as-applied challenge to § 922(g)(1).

2

*Id.* at 663.² The court further instructed that district courts "need not find a 'categorical' match to a specific common-law crime to show that a person is dangerous" but should instead "make fact-specific dangerousness determinations after taking account of the unique circumstances of the individual, including details of his specific conviction." *Id.* In so doing, courts "may evaluate a defendant's entire criminal record—not just the specific felony underlying his section 922(g)(1) prosecution." *Id.* "[T]he burden rests on [the defendant] to show he's not dangerous." *Id.* at 662.

Here, Stewart has prior convictions for aggravated arson and felonious assault. *See State v. Stewart*, No. G-4801-CR-0201702487 (Lucas Cnty. Ct. Com. Pl.) (no contest plea to aggravated arson, Ohio Rev. Code § 2909.02(A)(2), (B)(1), and (B)(3)); *State v. Stewart*, No. G-4801-CR-0201702445 (Lucas Cnty. Ct. Com. Pl.) (no contest plea to felonious assault, Ohio Rev. Code 2903.11(A)(2) and (D)). The Government explains Stewart's conviction for felonious assault involved brandishing and firing a gun in a residential neighborhood where children were present. (Doc. 23, at 2). And Ohio Revised Code § 2903.11(A)(2) provides that "[n]o person shall knowingly . . . [c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." The Government further notes that the conduct underlying Stewart's aggravated arson conviction involved his setting fire to a residential duplex. (Doc. 23, at 8-9).

Stewart argues that these are his "only two felony convictions[,]" that only one of them falls into the most serious category of offenses (crimes against a person), and that both offenses were committed in 2017 and thus "predate[] the conduct in this case by more than six years." (Doc. 22, at 6-7). The Court finds these arguments unpersuasive. Although Stewart is correct that

---

2. The court in *Williams* observed that "[a] more difficult category involves crimes that pose no threat of physical danger, like mail fraud, tax fraud, or making false statements." 113 F.4th at 663. It noted, however, that "such a case [was] not before" the court. *Id*. This category is also not before this Court in the instant case.

a crime against a person is not dispositive of dangerousness under *Williams*, the Court finds the individual circumstances of the felonious assault conviction more than "sufficient to conclude that [Stewart], if armed, presents a danger to others or the public." *Williams*, 113 F.4th at 662. This is precisely the type of behavior that demonstrates a danger to the public. *See id.* ("Indeed, Williams robbed two people at gunpoint, stealing cash, a watch, and clothing. That offense alone is sufficient to conclude that Williams, if armed, presents a danger to others or the public.").

Nor is the Court persuaded that the six years between his prior offenses and the charged conduct in this case demonstrates Stewart is not dangerous. "*Williams* states that a district court may 'evaluate a defendant's entire criminal record[,]' and thus, the consideration of older convictions in the determination of a defendant's dangerousness is not precluded." *United States v. Smith*, 2024 WL 5040930, at *6 (E.D. Tenn.) (quoting *Williams*, 113 F.4th at 663). In line with that reasoning, this Court and other district courts in this Circuit have found older convictions on their own to be sufficient to demonstrate dangerousness under *Williams*. *See Smith*, 2024 WL 5040930, at *5 (finding a 1995 conviction for manslaughter and 2006 conviction for aggravated assault support a finding that defendant is a "dangerous felon"); *United States v. Lawson*, 2024 WL 4443765, at *2 (N.D. Ohio) (finding a 1994 rape conviction, a crime falling in the first category identified by *Williams*, was sufficient to demonstrate dangerousness); *United States v. Quezada*, 2024 WL 3849923, at *1, *7 (N.D. Ohio) (finding convictions for reckless homicide in 2010 and drug distribution in 2011 sufficient to demonstrate dangerousness); *United States v. McQueen*, 2024 WL 3331629, at *1, *6 (E.D. Mich.) (finding 2007 convictions of carjacking, armed robbery, and illegal firearm possession sufficient to survive an as-applied challenge without discussing the age of the prior convictions); *United States v. El Bey*, 2024 WL 22701, at *1, *4 (S.D. Ohio) (relying on 1999 conviction for felonious assault and defendant's 2007

4

conviction for felonious kidnapping and felonious assault in rejecting defendant's "temporal argument" and determining that § 922(g)(1) was constitutional as applied). Indeed, at least some of the six years post-dating Stewart's conviction are years he spent serving his sentence for those offenses. *See, e.g.*, *United States v. Norris*, 2024 WL 4816246, at *7 (N.D. Ohio) (noting that even though defendant's drug possession offenses were committed "more than a decade ago," defendant "was incarcerated for several years between his conviction and his current indictment").

The Court therefore rejects Stewart's "as applied" challenge to § 922(g) and denies his renewed motion to dismiss.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Stewart's Renewed Motion to Dismiss the Indictment (Doc. 22) be, and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: January 23, 2025